1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

The undersigned Assistant United States Attorney, pursuant to LRCiv 3.6(b), states that the attached documents are true and correct copies of the court file for the matter captioned *Amanda McKay v. Maria Mylene Fabia Abad M.D. and Sun Life Center for Women & Children, Inc.*, CV2015-01655 (Pinal County Ct., September 4, 2015), received from the Clerk of the Court, Pinal County Superior Court, in response to the request of the United States Attorney's Office for a complete copy of the file.

DATED this 19th of November, 2015.


*/s Anne E. Nelson*
ANNE E. NELSON
Assistant United States Attorney
District of Arizona

**In the Superior Court of the State of Arizona**
**In and For the County of** _PINAL_

Case Number _CV3_ **0 1 5 0 1 6 5 5**

## CIVIL COVER SHEET- NEW FILING ONLY
### (Please Type or Print)

_DANIEL A. WASHBURN_

Plaintiff's Attorney _M. DAVID KARNAS_

Attorney Bar Number _013728_

Plaintiff's Name(s): (List all)
_AMANDA MCKAY on behalf of herself and_
_statutory beneficiaries of_ ▮▮▮▮▮▮▮

Plaintiff's Address:
_BELLOVIN & KARNAS, P.C._
_4810 E. BROADWAY BLVD._
_TUCSON, AZ 85711_

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)   _MARILYN MYLENE FABIA ABAD, M.D., et ux., SUN LIFE CENTER FOR_
_WOMEN AND CHILDREN, INC._

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
                                                              (Specify)

☒ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER RULE 8.1. Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

### NATURE OF ACTION
(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional

☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____
**MEDICAL MALPRACTICE:**
☒ Physician M.D.   ☐ Hospital
☐ Physician D.O   ☒ Other
**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
**CONTRACTS: (Continued)**
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud

June 2, 2015                    Page 1

KF

☐Other Contract (i.e. Breach of Contract)
☐Excess Proceeds-Sale
☐Construction Defects (Residential/Commercial)
   ☐Six to Nineteen Structures
   ☐Twenty or More Structures
**OTHER CIVIL CASE TYPES:**
☐Eminent Domain/Condemnation
☐Eviction Actions (Forcible and Special Detainers)
☐Change of Name
☐Transcript of Judgment
☐Foreign Judgment
☐Quiet Title
☐Forfeiture
☐Election Challenge
☐NCC- Employer Sanction Action (A.R.S. §23-212)
☐Injunction against Workplace Harassment
☐Injunction against Harassment
☐Civil Penalty
☐Water Rights (Not General Stream Adjudication)
☐Real Property
☐Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
☐Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
☐Administrative Review
  (See lower court appeal cover sheet in Maricopa)
☐Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐Declaratory Judgment
☐Habeas Corpus
☐Landlord Tenant Dispute- Other
☐Declaration of Factual Innocence (A.R.S. §12-771)
☐Declaration of Factual Improper Party Status
☐Vulnerable Adult (A.R.S. §46-451)
☐Tribal Judgment
☐Structured Settlement (A.R.S. §12-2901)
☐Attorney Conservatorships (State Bar)
☐Unauthorized Practice of Law (State Bar)
☐Out-of-State Deposition for Foreign Jurisdiction
☐Secure Attendance of Prisoner
☐Assurance of Discontinuance
☐In-State Deposition for Foreign Jurisdiction
☐Eminent Domain– Light Rail Only
☐Interpleader– Automobile Only
☐Delayed Birth Certificate (A.R.S. §36-333.03)
☐Employment Dispute- Discrimination
☐Employment Dispute-Other
☐Other _____
    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐Antitrust/Trade Regulation
☐Construction Defect with many parties or structures
☐Mass Tort
☐Securities Litigation with many parties
☐Environmental Toxic Tort with many parties
☐Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____
_____
_____

Additional Defendant(s)

_____
_____
_____

June 2, 2015       Page 2

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

2015 SEP -4 PM 3: 44
ERM

BY_____
DEPUTY

1  **BELLOVIN & KARNAS, P.C.**
   4810 E Broadway Blvd
2  Tucson, AZ 85711
   Phone: 520-571-9700
3  M. David Karnas, Esq. (SBN 013728)
   karnas@bellovinkarnas.com
4  Attorneys for Plaintiff

5  **JEFFREY L. VICTOR, P.C.**
6  5425 East Bell Road, Suite 121
   Scottsdale, AZ 85254
7  Phone: 602-749-9000
   Jeffrey L. Victor, Esq.  (SBN 013132)
8  victoratty@aol.com
   Attorney for Plaintiff
9

10

11              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12                 IN AND FOR THE COUNTY OF PINAL

13  **AMANDA MCKAY,** on behalf of herself      NO. CV 2015 01655
    and all statutory beneficiaries of
14  ███████████████ and pursuant to
15  A.R.S. § 12-612;

16                                              **COMPLAINT**
              Plaintiff,
17                                              **(Medical Professional Negligence)**

18  vs.

19  **MARIA MYLENE FABIA ABAD, M.D.,**
    et ux.; **SUN LIFE CENTER FOR**            *(Jury Trial Requested)*
20  **WOMEN & CHILDREN, INC.,** an
    Arizona corporation,
21                                              **DANIEL A. WASHBURN**
22
              Defendants.
23

24          Plaintiff, by and through counsel undersigned, hereby files their Complaint against

25  the Defendants,  and in support thereof states and alleges as follows:

26

27

28

                              Complaint  -  1

Conformed Copy Furnished  KF

## I.      **INTRODUCTION**

This case arises from medical professional negligence resulting in the wrongful death of ████████████, a five month old infant, who died on April 9, 2014 due to a piece of metal Christmas tree ornament lodged within her esophagus. ████████ Coronado was born on October 24, 2013 without any complications.  She was a healthy infant until 3 months of age when she developed problems with eating, breathing and a cough.  Plaintiff Amanda McKay took her daughter ████████ to Defendant Maria Mylere Abad, M.D. at Sun Life Center for Women & Children, to try to determine the cause of her issues several times.  However, in the months prior to ████████ death, insufficient work up was conducted to determine the cause of her problems. ████████████ died on April 9, 2014. An autopsy was performed which revealed a small metal object (top metal piece of a Christmas ornament) was embedded in her esophagus. ████████████ is survived by her natural parents, Amanda McKay and Daniel Coronado.

## I.      **PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff Amanda McKay (hereinafter "Ms. McKay" or "Plaintiff McKay"), at all relevant times, was a resident of Pinal County, Arizona. Ms. Mckay brings this action on her own behalf and on behalf of all beneficiaries with a right to recovery under Arizona Revised Statutes §12-612.   Ms. Amanda McKay is the natural mother of her deceased daughter ████████████.

2. Defendant Maria Mylene Fabia Abad, M.D. (hereinafter "Dr. Abad" or "Defendant Abad"), is a licenced medical doctor in the state of Arizona, and upon information and belief, at all relevant times, acted as employee or agent for Defendant Sun Life Center for Women & Children. Defendant Abad was Madison Coronado's pediatrician.

3. Defendant Sun Life Center for Women & Children (hereinafter, "Defendant Sun Life") is an Arizona corporation providing medical services to the general public. Sun Life, through Defendant Abad, its agents, employees, and contractors provided medical and health care services to ████████████.

4. The identity, capacity, and involvement of the fictitiously designated Defendants are presently unknown but will be appropriately designated when ascertained.

5. Venue properly lies in this Court pursuant to A.R.S. §12-401 et al., as the acts or omissions giving rise to this action took place in Pinal County, Arizona. Defendants are residents of Pinal County, Arizona.

6. At all times material hereto, all acts complained of by the Plaintiff occurred in Pinal County, Arizona.

## II. GENERAL FACTUALS ALLEGATIONS

7. On October 24, 2013, ███████████████████ was born without any complications. She had Early and Periodic Screening, Diagnostic and Treatment

(EPSDT) at 5 days, 4 weeks, and 9 weeks of age with no issues, and normal growth and development.

8. On Febrary 5, 2014 at fourteen weeks old, ▮▮▮▮was taken by her mother, Plaintiff Amanda McKay, to Defendant Sun Life Center for Women & Children clinic to see Defendant Maria Mylene Fabia Abad, M.D. with complaints of not eating well and spitting up a lot.

9. On February 20, 2014, at sixteen weeks old, ▮▮▮▮and her mother Ms. McKay returned to Defendant Sun Life with increasing problems, losing voice, hoarseness, high pitched cough, and very phlegmy. Defendant Abad wrote "no foreign body suspected" on her notes.

10. On February 28, 2014, at seventeen weeks old, ▮▮▮▮was seen at home for an EPSDT check where it is noted that Plaintiff McKay is still concerned that her child's cough is not getting any better. However, the nurse performing this check does not instruct Ms. McKay to return to the doctor.

11. On March 18, 2014, at nineteen weeks old, ▮▮▮▮is taken to Defendant Sun Life for the third time with complaints that she is more phlegmy and coughing. Defendant Abad assesses the child with cough, chest congestion, and phlegm. Defendant Abad does not order any tests to rule out throat swelling or other lung issues which could be causing cough and phlegm. ▮▮▮▮was given a prescription for an antibiotic and sent home.

12. Ms. McKay took her child to the Emergency Room at Casa Grande Regional Medical Center at around 3:00 a.m. on April 3, 2014, as ███████ was limp, and had trouble breathing for about fifteen minutes. Vital signs on admission to the Emergency Department were: Temperature 96.4, Pulse 99, Respirations 42, and oxygen saturation 89% on room air, respiratory sounds consistent with stridor. All of these vital signs are abnormal. ███████ was admitted to Casa Grande Regional Medical Center for overnight observation with a diagnosis of croup. Defendant Abad wrote in her History and Physical that the cough "only started tonight", when in reality the cough had been going on for almost two months. ███████ is placed in a mist tent with oxygen flowing and given 8 doses of Racemic Epinerphrine every two to three hours. ███████ went 12 hours without the need for a Racemic Epinephrine treatment prior to discharge.

13. ███████ continued to be in a mist tent until April 4, 2014.

14. On April 4, 2014, initial Respiratory Syncytial Virus (RSV) swab results returned as negative and Madison was discharged home with no home medications or treatment orders except to follow up in office the following Monday. However, the final RSV results were reported positive after ███████ had already been discharged.

15. On April 7, 2014, Plaintiff McKay took her daugther ███████ back to Defendant Abad as instructed for a follow up post hospitalization. ███████ continued with cough, congestion and mild vocal congestion. Defendant Abad misdiagnosed

Complaint - 5

Madison and prescribed Albuterol nebulizer three times a day at home for one week and instructed Ms. McKay to call in a week to determine if this helped.

16. On April 7, 2014 ██████ was given a breathing treatment at bedtime by Ms. McKay.

17. On April 8, 2014 ██████ was given a breathing treatment in the morning, around 6:00 p.m., and again at 11:00 p.m. ██████ was then given a bottle and put to bed.

18. On April 9, 2014 Plaintiff McKay returned home from work at 2:10 a.m. and went on to check on her child. Ms. McKay noticed ██████ not breathing, lying on abdomen and immediately called 911 who continued rescue efforts to hospital.

19. ██████████ was pronounced dead on April 9, 2014 at 2:59 a.m.

20. The death certificate specifies the immediate cause of death as "bronchopneumonia due to or as a consequence of lodged foreign body in esophagus."

21. The Autopsy Report states, "Death of this infant is due to bronchopneumonia due to a foreign body (piece of Christmas tree ornament) lodged within the esophagus. The foreign body likely led to chronic airway obstruction and ultimately the resultant pneumonia."

## III. CLAIMS

### Count One – All Defendants Medical Negligence

22. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein and further alleges as follows:

23. All Defendants and each of them, at all relevant times, owed a duty of care to the patients in their charge including ▆▆▆▆▆▆▆▆, deceased. Inherent in this duty rested an obligation to reasonably and prudently examine, monitor, and evaluate their patients so as to provide timely and proper treatment and diagnosis.

24. Defendants' duties required that, among other things, they instigate timely intervention, proper treatment, and to correct injuries in such a manner that preventable permanent injuries are not subsequently sustained by the patients in their care.

25. All Defendants breached the foregoing duties by failing, despite clear clinical indications, to properly diagnose, and instigate treatment in response to Plaintiff's daurher's symptoms and findings. This failure and misdiagnosis resulted in the death of ▆▆▆▆▆▆, a five month old child.

26. Had the Defendants provided the requisite level of medical attention and intervention warranted based on the findings under the applicable standard of care, the death of ▆▆▆▆▆▆ could have been avoided. These breaches of duty exemplify substandard care and stand as the actual and proximate causes of ▆▆▆ ▆▆▆▆ death and Plaintiff's pain and suffering

27. Defendants failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the same profession or class, within the State, acting in the same or similar circumstances.

28. Defendants' breach of their duties, as described above, directly and proximately caused ▉▉▉▉▉▉▉▉ death and Plaintiff's suffering as enumerated below and more fully stated in the ad damnum clause of this Complaint. As a direct and proximate cause of the Defendants' negligent acts and omissions, Plaintiff and the statutory benefiaciaries suffered and will continue to suffer harm.

29. Defendant Maria Mylene Abad, M.D. owed a duty of care to Plaintiff McKay's infant daughter, ▉▉▉▉▉▉▉▉. This duty of care required that Defendant Abad properly examine, evaluate, diagnose and treat ▉▉▉▉▉▉▉▉. The Defendant failed to properly diagnose ▉▉▉▉▉▉▉▉, indeed misdiagnosing her, leading to a delay in treatment and intervention. Defendant Abad failed to properly examine and diagnose ▉▉▉▉▉▉▉▉ and recognize a medical emergency.

30. The Doctrine of Respondent Superior attributes all such breaches of duty and all further breaches revealed during the course of discovery to the employers, principals or contracting partners of the individual Defendants. All Defendants are vicariously liable for the acts, omissions and negligent transgressions of their employees, agents and/or contractors.

31. Defendants failed to diagnose a condition on separate occasions and are actually and proximately at fault for the wrongful death of ▉▉▉▉▉▉▉▉.

32. ▉▉▉▉▉▉▉▉ was an infant child who died as a result of the negligence of the Defendants. Had Defendant Abad followed the medical procedures and noticed Madison's symptoms in a timely manner, ▉▉▉▉▉▉ would be alive today.

33. Defendants actually and proximately caused the death of ███████████████

34. Plaintiff and the statutory beneficiaries were immediately, irreparably injuried by ████████ death. Plaintiff has experienced personal anguish, shock, suffering, sorrow, pain , severe emotional distress, loss of consortium and anxiety. Plaintiff has also lost the love, society, affection, and companionship of her first and only child.

### Count Two – Negligence – Sun Life Center for Women & Children, Inc. ("Sun Life")

35. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

36. Defendant Sun Life Center for Women & Children, is independently negligent for failing to, among other things, having proper policies and procedures in place to prevent such harm from occurring.  Defendant Sun Life failed to execute on rules and regulations and failed to monitor care.

37. Plaintiff and the statutory beneficiaries were immediately and irreparably injured by the death of Madison Coronado. Plaintiff has experienced

38. Plaintiff and the statutory beneficiaries have suffered and will in the future suffer injuries including but not limited to loss of consortium, mental and emotional distress, and the inability to enjoy life as they previously were able to.

## IV. AD DAMNUM

WHEREFORE, as a direct result of Defendant's negligent acts and omissions, Plaintiff prays for judgment and request that this Court:

A. Award Plaintiff general damages in a just and reasonable sum;

B. Award Plaintiff all special damages in a sum to be determined herein;

C. Order Defendants and all of them to pay Plaintiff's costs;

D. Order Defendants and all of them to pay prejudgment interest on all liquidated sums award; and

E. Grant to Plaintiff such other and further relief as this Court deems just and proper.

DATED this 2nd day of ~~August,~~ SEPTEMBER 2015.

BELLOVIN & KARNAS, P.C.

M. David Karnas, Esq.
Attorneys for Plaintiff

LAW OFFICES OF JEFFREY VICTOR, P.C.

Jeffrey Victor, Esq.
Attorneys for Plaintiff

1   **BELLOVIN & KARNAS, P.C.**
    4810 E Broadway Blvd
2   Tucson, AZ 85711
    Phone: 520-571-9700
3   M. David Karnas, Esq. (SBN 013728)
    karnas@bellovinkarnas.com
4   Attorneys for Plaintiff

5
    **JEFFREY L. VICTOR, P.C.**
6   5425 East Bell Road, Suite 121
    Scottsdale, AZ 85254
7   Phone: 602-749-9000
    Jeffrey L. Victor, Esq. (SBN 013132)
8   victoratty@aol.com
    Attorney for Plaintiff
9

10
                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
11

12                    IN AND FOR THE COUNTY OF PINAL

13  AMANDA MCKAY, on behalf of herself        NO. CV **01501655**
    and all statutory beneficiaries of
14  ███████████████████                        **CERTIFICATE REGARDING**
15  ████████████████ and pursuant to          **EXPERT TESTIMONY**
    A.R.S. § 12-612;
16
                Plaintiff,
17

18  vs.

19  MARIA MYLENE FABIA ABAD, M.D.,
    et ux.; **SUN LIFE CENTER FOR**
20  **WOMEN & CHILDREN, INC.,** an
    Arizona corporation,                       DANIEL A. WASHBURN
21

22              Defendants.
23

24          Pursuant to Arizona Revised Statues, Section 12-2602(A), Plaintiff hereby

25  certifies that expert opinion may be necessary to prove the Defendant health care

26  professionals' standard of care or liability for the claims asserted in the Plaintiff's

27

28

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT
2015 SEP -4 PM 3: 44
BY____ERM____
DEPUTY

Conformed Copy Furnished

complaint and that such certification will be served at or before the time for Plaintiffs'

Rule 26.1 Initial Disclosure Statement.

These certifications are made subject to the provisions of Rule 11(a) of the Arizona

Rules of Civil Procedure.

DATED this 2ND day of ~~August~~ SEPTEMBER, 2015.


BELLOVIN & KARNAS, P.C.


M. David Karnas, Esq.
Attorneys for Plaintiff


LAW OFFICES OF JEFFREY VICTOR, P.C.


Jeffrey Victor, Esq.
Attorneys for Plaintiff

1 | **BELLOVIN & KARNAS, P.C.**
4810 E Broadway Blvd
2 | Tucson, AZ 85711
Phone: 520-571-9700
3 | M. David Karnas, Esq. (SBN 013728)
karnas@bellovinkarnas.com
4 | Attorneys for Plaintiff

5

6 | **JEFFREY L. VICTOR, P.C.**
5425 East Bell Road, Suite 121
7 | Scottsdale, AZ 85254
Phone: 602-749-9000
8 | Jeffrey L. Victor, Esq. (SBN 013132)
victoratty@aol.com
9 | Attorney for Plaintiff

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

2015 SEP -4  PM 3: 44

ERM

BY_____
              DEPUTY

10

11 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12 | IN AND FOR THE COUNTY OF PINAL

13

14 | **AMANDA MCKAY**, on behalf of herself
and all statutory beneficiaries of
15 | ███████████████ and pursuant to
A.R.S. § 12-612;

NO. CV2**01501655**

16 | Plaintiff,

**CERTIFICATE OF COMPULSORY
ARBITRATION**

17

18 | vs.

19 | **MARIA MYLENE FABIA ABAD, M.D.,**
et ux.; **SUN LIFE CENTER FOR**
20 | **WOMEN & CHILDREN, INC.,** an
Arizona corporation,

21

**DANIEL A. WASHBURN**

22 | Defendants.

23

24 | The undersigned counsel certifies that the largest award sought by the complainant,

25 | including punitive damages, but excluding interest, attorney's fees, and costs, does exceed

26 | the limits set by Local Rule 4.2(a) for compulsory arbitration.  This case <u>is not subject to</u>

27

28 | <u>Arbitration.</u>

Conformed Copy Furnished

I further certify that I have read this certificate of compulsory arbitration and the Complaint filed herewith, and that to the best of my knowledge, information, and belief, formed after reasonable inquiry, it is warranted; and, that the allegation is not set forth for any improper purpose.

I understand that I have an affirmative duty to reasonably amend this Certificate if I obtain information from which I know this certification either was incorrect when made, or though correct when made, is no longer true.

These certifications are made subject to the provisions of Rule 11(a) of the Arizona Rules of Civil Procedure.

DATED this 2 day of ~~August~~ SEPTEMBER, 2015.

BELLOVIN & KARNAS, P.C.

M. David Karnas, Esq.
Attorneys for Plaintiff

LAW OFFICES OF JEFFREY VICTOR, P.C.

Jeffrey Victor, Esq.
Attorneys for Plaintiff

1

**BELLOVIN & KARNAS, P.C.**
4810 E Broadway Blvd
2      Tucson, AZ 85711
Phone: 520-571-9700
3      M. David Karnas, Esq. (SBN 013728)
karnas@bellovinkarnas.com
4      Attorneys for Plaintiff

5
**JEFFREY L. VICTOR, P.C.**
6      5425 East Bell Road, Suite 121
Scottsdale, AZ 85254
7      Phone: 602-749-9000
Jeffrey L. Victor, Esq.  (SBN 013132)
8      victoratty@aol.com
Attorney for Plaintiff
9

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

15 OCT 12  PM 2: 32

BY_____
DEPUTY

10

11                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

12                   IN AND FOR THE COUNTY OF PINAL

13     **AMANDA MCKAY,** on behalf of herself            NO. (CVП) **01501655**
14     and all statutory beneficiaries of
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓and pursuant to
15     A.R.S. § 12-612;

16              Plaintiff,                                        **SUMMONS**

17
vs.
18

19     **MARIA MYLENE FABIA ABAD, M.D.,**
20     et ux.; **SUN LIFE CENTER FOR**
**WOMEN & CHILDREN, INC.,** an
21     Arizona corporation,                              **DANIEL A. WASHBURN**

22              Defendants.

23

24     THE STATE OF ARIZONA to the Defendant and its attorneys:

25     **MARIA MYLENE FABIA ABAD, M.D.**
26     **Sunlife Center for Women and Children**
**1856 East Florence Blvd.**
27     **Casa Grande, AZ  85128**

28

ORIGINAL



I.   A lawsuit has been filed against you.

II.  YOU ARE HEREBY SUMMONED and required to appear and defend, in the above entitled action, within TWENTY (20) DAYS after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served outside the State of Arizona, you shall appear and defend within THIRTY (30) days, exclusive of the date of service.

III. If you do not want judgment taken against you for the relief demanded in the accompanying Complaint, you must file a response in writing in the Clerk of the Pinal Superior Court, 971 Jason Lopez Circle, Building A, P O Box 2730, Florence, Arizona, accompanied by the necessary filing fee.

IV.  This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

V.   Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three working days in advance of a scheduled court proceeding.

VI.  . You are required by law to serve a copy of your response or answer upon the Plaintiff/Attorney  addressed as follows:

    M. David Karnas, Esq.
    BELLOVIN & KARNAS, P.C.
    4810 East Broadway Blvd.
    Tucson, Arizona  85711

**WITNESS My Hand and the Seal of the Superior Court.**

Dated: *Sept. 4, 2015*

AMANDA STANFORD
CLERK OF THE SUPERIOR COURT

BY _____
Deputy Clerk

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

15 OCT 12 PM 2:24

BY_____ DEPUTY

| | | |
|---|---|---|
| *Attorney or Party without Attorney:*<br>M. David Karnas, Esq. #013728<br>BELLOVIN & KARNAS, P.C.<br>4810 E. BROADWAY BLVD.<br>TUCSON, AZ 85701<br>*Telephone No:* 5205719700 | | *For Court Use Only* |

| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>ISSUE AND SERVE |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF ARIZONA, COUNTY OF PINAL

*Plaintiff:* AMANDA MCKAY, ET AL

*Defendant:* MARIA MYLENE FABIA ABAD, M.D., ET AL

| **AFFIDAVIT OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV201501655 |
|---|---|---|---|---|

*1. At the time of service I was at least 21 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CERTIFICATE REGARDING EXPERT TESTIMONY

*3. a. Party served:*      MARIA MYLENE FABIA ABAD, M.D.
    *b. Person served:*      MARIA MYLENE FABIA ABAD, Asian, Female, Black Hair, 5 Feet 6 Inches, 110 Pounds

*4. Address where the party was served:*      SUNLIFE CENTER FOR WOMEN AND CHILDREN
    1856 EAST FLORENCE BOULEVARD
    CASA GRANDE, AZ 85128

*5. I served the party:*
    **a. by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Sep. 29, 2015 (2) at: 4:08PM

Service: $16.00, Mileage: $168.00, Notary: $10.00, Wait: $.00, Fees Advanced: $.00, Total: $194.00

    a. Carlos Bialet
    Registration #8200960039 PINAL Maricopa

    **First Legal**
    1511 West Beverly Blvd.
    Los Angeles, CA 90026
    Telephone     (213) 250-9111
    Fax     (213) 250-1197
    www.firstlegalnetwork.com

I Declare under penalty of perjury under the laws of the State of

ARIZONA that the foregoing is true and correct.

10-2-15
*(Date)*

_____
*(Signature)*

8. *STATE OF ARIZONA, COUNTY OF* Pinal
*Subscribed and sworn to (or affirmed) before me on this* 2 *day of* October *by Carlos*

*proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

_____
*(Notary Signature)*

**AFFIDAVIT OF SERVICE**
**SUMMONS**

| Attorney or Party without Attorney:<br>M. DAVID KARNAS<br>BELLOVIN & KARNAS, P.C.<br>4810 E. BROADWAY BLVD.<br>TUCSON, AZ 85701<br>Telephone No: 5205719700<br><br>Attorney for: Plaintiff | **AMENDED** | For Court Use Only<br>**FILED**<br>AMANDA STANFORD<br>CLERK OF SUPERIOR COURT<br><br>2015 OCT -2  PM 3: 01<br><br>BY_____<br>**DEPUTY** |
|---|---|---|

| Ref. No. or File No.: |
|---|

Insert name of Court, and Judicial District and Branch Court:
PINAL COUNTY SUPERIOR COURT, STATE OF ARIZONA

Plaintiff: Amanda Mckay, On Behalf Of Herself And All Statutory Beneficiaries Of Madison Coro
Defendant: Maria Mylene Fabia Abad, M.D., Et Ux., Sun Life Center For Women & Children, Inc.

| **AFFIDAVIT OF SERVICE** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CR201500055 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CERTIFICATE REGARDING EXPERT TESTIMONY

*3. a. Party served:*        SUN LIFE CENTER FOR WOMEN AND CHILDREN BY SERVICE UPON ITS STATUTORY AGENT STEPHEN R. COOPER

   *b. Person served:*     STEVE R. COOPER, STATUTORY AGENT, Caucasian, Male, 48 Years Old, Brown Hair, 5 Feet 10 Inches, 185 Pounds

*4. Address where the party was served:*     221 N. FLORENCE ST.
                                      CASA GRANDE, AZ 85122

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Sep. 16, 2015 (2) at: 2:02PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

**7. Person Who Served Papers:**
   a. Tom J Rankin
   **b. Registered in Pinal County**
      First Legal Support Services
      3737 N 7th Street, Suite 125
      PHOENIX, AZ 85003
   c. (602) 248-9700

*Fee for Service:*    $197.00

I Declare under penalty of perjury under the laws of the State of ARIZONA that the foregoing is true and correct.

9-29-15
*(Date)*

_____
*(Signature)*

8. **STATE OF ARIZONA, COUNTY OF** ___Pima___

*Subscribed and sworn to (or affirmed) before me on this* __30__ *day of* ___September___ *by Tom J Rankin*

*proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

PATRICIA CERVANTEZ
NOTARY PUBLIC
PIMA COUNTY
~~CONFORMED COPY FURNISHED~~

_____
*(Notary Signature)* /1784   .35051.727440

AFFIDAVIT OF SERVICE